Citation Nr: 1212947 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 09-31 936 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUE

Entitlement to service connection for residuals of nose injury other than a scar, including a nasal and sinus condition.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

P. Childers, Counsel



INTRODUCTION

The Veteran, who is the appellant, served on active duty from August 1987 until September 1998.

This matter is before the Board of Veterans Appeals (Board) on appeal of a rating decision in May 2008 of a Department of Veterans Affairs (VA) Regional Office (RO).

In May 2010, the Veteran appeared at a hearing before a Decision Review Officer; and in November 2011 he appeared at a hearing before the undersigned Veterans Law Judge. Transcripts of the hearings are in the record.

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, D.C. 


REMAND

The Veteran seeks service connection for the residuals of a nose injury. 

The service treatment records in November 1996 show that the Veteran sustained a laceration, inferior to the nares, when he slipped down a ladder onboard a submarine. In a rating decision in May 2010, the RO granted service connection for the scar.

In November 2011, the Veteran testified that he had received treatment for nasal and sinus symptoms from a private physician located in Daniels, West Virginia.

As the Veteran has identified evidence pertinent to the claim, further development under the duty to assist is need.



Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran either to submit or to authorize VA to obtain on his behalf, the records of his family physician. See November 2011 Board Hearing Transcript, p. 6. 

2. After the above development is completed, adjudicate the claim. If the decision remains adverse to the Veteran, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).



_________________________________________________
George E. Guido Jr.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).